# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00018-CR

### In re Reggie Venable a/k/a Bang

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 34,534, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

Reggie Venable is incarcerated following his conviction for aggravated sexual assault of a child. Venable filed a motion requesting DNA testing of the victim=s clothing, claiming that blood stains thereon were not tested prior to his trial and that the results of such tests would be favorable to him. Tex. Code Crim. Proc. Ann. art. 64.01 (West Supp. 2002). In its response to the motion, the State informed the court that no physical evidence of the sort described in the motion exists or has ever existed. *Id*. art. 64.02. The court denied the motion for DNA testing after finding, among other things, that the evidence sought to be tested does not exist. *Id*. art. 64.03(a)(1)(A)(i).

Venable=s court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). A copy of

counsel=s brief was delivered to Venable, who was advised of his right to examine the record and to file a pro se brief.  No pro se brief has been filed.

We have reviewed the record and counsel=s brief and agree that the appeal is frivolous and without merit.  We find nothing in the record that might arguably support the appeal.  Counsel=s motion to withdraw is granted.

The order is affirmed.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed:   April 25, 2002

Do Not Publish